# CHARLESTON.

## WILEY v. MARTIN *et als.*

Submitted November 19, 1913.    Decided November 25, 1913.

BILLS AND NOTES—*Consideration—Payment of Judgment—Amount of Recovery—Consideration Paid.*

> M. owed P. B. & L. Co., an insolvent corporation, and W., one of its stockholders and also its creditor, without its consent, assumed to pay M's. debt in consideration of M's. notes executed to him for a sum equal to the debt, with M's. wife as surety. P. B. & L. Co. assigned its claim against M. and the assignees recovered judgment thereon against M. W. thereupon purchased the judgment, paying therefor 50c on the $1.00 and took an assignment of it. He then executed and acknowledged a release of the judgment and brought suit against M. and wife on the notes, tendering to M. an unconditional release of the judgment. *Held:*
>
> I. That, as between the parties to it, the transaction is lawful and the notes were given for a valuable consideration which has not failed, payment and release of the judgment by W. being, in effect, a compliance with his undertaking.
>
> II. That, not being the agent of M., W. is not limited in his recovery on the notes to the amount actually paid by him in discharge of M's. debt.

Error to Circuit Court, Mercer County.

Action by A. C. Wiley against S. P. Martin and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Hartley Sanders*, for plaintiff in error.

*McNutt, Ellett & McNutt*, for defendant in error.

WILLIAMS, JUDGE:

A. C. Wiley recovered a judgment against S. P. Martin and Lizzie Martin his wife for $198.90, in the circuit court of

Mercer county, in an action appealed from a justice of the peace, and said Martin and wife have brought the case to this court on writ of error.

The action is upon two notes for $113.00 each, executed by Martin and wife to Wiley and payable, respectively, in six and twelve months from date. Martin owed the Princeton Brick & Lumber Company $226.00, and Wiley was its stockholder and creditor, holding its note for $2,120.00, which was past due at the time Martin and wife executed their notes to Wiley. Said company was thought to be insolvent, and Wiley, being anxious to realize as much as possible on his claim against it, agreed with Martin that, if he would execute to him his notes, with his wife as surety, he (Wiley) would assume the payment of his debt to the corporation. It was not a party to the agreement. On receiving Martin's notes, Wiley immediately indorsed their amounts as a credit upon the note held by him against the corporation, but gave it no notice thereof. Martin and Wiley agree in their testimony, that the notes were given in consideration of Wiley's assumption of Martin's debt to said company. Wiley made the following indorsement upon each of the notes at the time they were executed, viz.: "If the Princeton Brick and Lumber Company should collect the within amount, then I will give up this note without collecting." Even if it could be assumed that the company knew of the agreement between Martin and Wiley, it certainly did not acquiesce in it, for it assigned the Martin debt to W. B. Honaker and others, who brought suit thereon before a justice of the peace and recovered judgment against Martin for $225,78, on the 17th April, 1911, he failing to appear and make defense. The present suit was instituted before the same justice two months later. But, before bringing it, Wiley purchased the aforesaid judgment for fifty cents on the dollar, took an assignment of it and executed and acknowledged a release thereof, and, at the trial, tendered it to defendant unconditionally. There is no conflict in the testimony as to any material fact, and but two legal questions are discussed in brief of counsel for defendant: (1) that the agreement between Wiley and Martin was in fraud of the rights of creditors of the Princeton Brick & Lumber Company, an insolvent corporation, and the notes are, therefore, void;

and (2) that Wiley was the agent of Martin to pay his debt to the company and can not recover any more on the notes than he actually paid to discharge the debt. But we do not think either of these legal propositions is applicable to the foregoing facts which are not controverted. Wiley's promise to pay Martin's debt was certainly a valuable consideration for the notes. Martin was simply exchanging creditors. True he could not thus release his obligation to the company without its consent; and, until he is actually discharged of that obligation there would be a failure of the consideration. But, is not his debt to the company fully discharged, and by his obligee who, in consideration of his notes, assumed to discharge it? That debt is paid. That it was not paid until after judgment was recovered thereon against Martin is not material, since it appears that the judgment itself has been satisfied and the lien thereof released. If Martin had paid the judgment himself, then of course he could have successfully pleaded failure of consideration. But having permitted payment of the judgment by Wiley, his obligation to him is unaffected. He is bound in the same manner as if the debt had been paid before judgment. No rule of public policy has been violated by the transaction. There is no law forbidding a person to assume the payment of the debt of another. The Princeton Brick & Lumber Company is not complaining, nor has it any right to complain. Its creditors are not complaining and no one else can complain. Wiley admits that his motive was to save himself all he could, thinking the company was insolvent; but his motive does not render the contract void. At most, it could only make it voidable, and then only at the instance of some creditor of the company attacking it for fraud. Martin was its debtor, not its creditor. The notes were given for a valuable consideration and they are binding on the obligors.

Regarding the second proposition, there is no evidence whatever to support the contention that Wiley was Martin's agent. Not being his agent to pay his debt, he can not complain because Wiley discharged it by paying fifty cents on the dollar. The judgment is affirmed.

*Affirmed.*